UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN COLLER, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV780 AGF |
| | ) | |
| JAMES PAUL DOUCETTE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on Plaintiff's motion for leave to file an amended complaint. For the reasons set forth below, this motion shall be granted.

On January 21, 2009, Plaintiff filed a one-count complaint in state court claiming that he was injured due to Defendant's negligence in a motor vehicle accident. The case was removed based on diversity jurisdiction on May 20, 2009. On August 26, 2009, this Court issued a case management order that set December 14, 2009, as the deadline for amending pleadings. On November 17, 2009, Plaintiff filed the present motion for leave to file an amended complaint, adding a count for punitive damages. In this new count, Plaintiff alleges that at the time of the accident, Defendant's blood alcohol level was above 0.17% by weight, double the legal limit, demonstrating a complete indifference to or conscious disregard for the safety of others.

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

1

Defendant argues that Plaintiff should not be permitted to file the proposed amended complaint because the punitive damages claim is futile.  Defendant further argues that the facts giving rise to the punitive damages claim were known by Plaintiff at the outset of this case, and suggests that Plaintiff's failure to proffer a reason for his delay in asserting this claim raises "the specter of punitive damages as a bargaining chip."

Under the Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend pleadings] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "[a] district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008) (citation omitted).

The standard for dismissing a motion to amend because of futility is stringent. "[A] party's motion to amend should be dismissed on the merits only if it asserts clearly frivolous claims or defenses.  Likelihood of success on the new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous."  Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd., 32 F.3d 1244, 1255-56 (8th Cir. 1994).  Here, Plaintiff alleges facts in his amended complaint that might support a claim for punitive damages under Missouri law.  See, e.g., Stojkovic v. Weller, 802 S.W.2d 152 (Mo. 1991) (holding that evidence of erratic driving manifesting a reckless disregard of consequences exacerbated by intoxication is sufficient to submit punitive damages).  Thus, the count

2

Plaintiff seeks to add is not clearly frivolous and will be permitted to proceed at this stage in the proceedings.

Plaintiff's motion for leave to file the amended complaint was filed before the deadline set by this Court's case management order, and Defendant fails to support his suggestion that Plaintiff's claim for punitive damages was made in bad faith. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file an amended complaint is **GRANTED.** [Doc. #12]

AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of January, 2010.